**SCHOEMAN UPDIKE KAUFMAN & GERBER LLP**
**Til J. Dallavalle, Esq. ID# 022582006**
155 Willowbrook Boulevard, Suite 300
Wayne, New Jersey 07470
T: (973) 256-9000
*Attorneys for Defendant Wal-Mart Stores East, LP*
*(incorrectly named as "Wal-Mart Stores, Inc.")*

| | |
|---|---|
| DOMENICA BORZELLINO,<br><br>Plaintiff(s),<br><br>vs.<br><br>WAL-MART STORES, INC., JOHN DOE and/or JANE DOE and XYZ CORPORATIONS (said names being fictitious)<br><br>Defendant(s). | **UNITED STATES DISTRICT COURT**<br>**DISTRICT OF NEW JERSEY**<br><br>Civil Action No. _____<br><br>**NOTICE OF REMOVAL** |

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Wal-Mart Stores East, LP (hereinafter "Wal-Mart Stores East" and incorrectly named as Wal-Mart Stores, Inc.), a Delaware limited partnership with its principal place of business in Bentonville, Arkansas, hereby removes the above-captioned action from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey, based upon the following:

1.  On or about May 25, 2018, Plaintiff Domenica Borzellino commenced a civil action by filing a Complaint in the Superior Court of New Jersey, Law Division, Middlesex County, entitled DOMENICA BORZELLINO -vs- WAL-MART STORES, INC.; JOHN DOE and/or JANE DOE and XYZ CORPORATIONS (said names being fictitious), Docket No. MID-L-003254-18 (the "Complaint").

2.  On June 2, 2018, the Summons and Complaint were served on Wal-Mart Stores East.

3.      June 2, 2018 was the first date on which Wal-Mart Stores East received copies of the Summons and Complaint through service or otherwise.

4.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons, Complaint and Civil Case Information Statement, which constitute all process, pleadings and orders served upon Wal-Mart Stores East are attached hereto as Exhibit "A."

5.      Pursuant to 28 U.S.C. § 1446(b), this Notice is being filed with this Court within thirty (30) days of Wal-Mart Stores East's first receipt "through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

6.      This Honorable United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because this is a civil action in which there is complete diversity of citizenship between Plaintiff and the Defendant, and in which the amount in controversy exceeds $75,000, exclusive of interest and costs, as described below.

7.      Based upon the allegations in the Complaint, Plaintiff is a citizen of the State of New Jersey, residing at 1 Violet Court, East Brunswick, New Jersey.

8.      Wal-Mart Stores East is a limited partnership organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas, and is not a citizen of New Jersey. The general partner of Wal-Mart Stores East is WSE Management LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. The limited partner of Wal-Mart Stores East is WSE Investment, LLC, a limited liability company organized under the laws of the State of Delaware with its principal place of business in Bentonville, Arkansas. The sole member of both WSE Management LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC (formerly known as Wal-Mart Stores East, Inc.), a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Bentonville, Arkansas. The sole member and

parent company of Wal-Mart Stores East, LLC is Walmart Inc., a corporation organized under the laws of the State of Delaware with a principal place of business in Bentonville, Arkansas.

9. Neither Wal-Mart Stores East nor Walmart, Inc. is a citizen of the State of New Jersey.

10. Diversity of citizenship existed among the parties when the Complaint was filed on or about May 25, 2018. Diversity of citizenship still exists among the parties at the time this Notice of Removal is being filed.

11. The Complaint alleges that on or about June 3, 2016, Plaintiff Domenica Borzellino was lawfully on the premises of the Walmart store located at 290 NJ-18 in East Brunswick, New Jersey when she "slipped and fell" and "suffered serious and permanent injuries." Complaint, ¶ 5,7. The Complaint also alleges that defendants were negligent and that as a direct and proximate result of that negligence, Plaintiff "was seriously and permanently injured and was prevented from attending her daily occupation, thereby losing sums of money that she otherwise would have earned, and has expended and will continue to expend large sums of money in endeavoring to be cured of her injuries, and has endured and will continue to endure great pain and suffering and the quality of her life has been diminished." Complaint, ¶ 13.

12. On June 14, 2018, Defense Counsel forwarded correspondence to Plaintiff's Counsel requesting information on the nature and extent of the alleged damages and that they advise whether Plaintiff will stipulate that her damages are less than $75,000.00, exclusive of interest and costs. (See copy of correspondence attached as Exhibit "B"). In addition, said correspondence notes, "This information is necessary to determine whether the amount in controversy is such that this matter may be removed to federal court based on diversity of citizenship of the parties". *Id.*

13. On June 14, 2018, Defense Counsel communicated with Plaintiff's Counsel via telephone and was advised that Plaintiff's injuries include a shoulder humeral fracture which required surgery to repair and there is a $29,000 lien held by plaintiff's health insurance company. At that time, Plaintiff's Counsel also refused to sign a stipulation limiting damages to under $75,000.

14. While Wal-Mart Stores East denies all liability to Plaintiff and denies that she is entitled to any of the relief sought by the Complaint, based upon the allegations of the Complaint and the injuries alleged, and based upon information and belief, the amount in controversy exceeds the $75,000 jurisdictional amount under 28 U.S.C. § 1332.

15. Therefore, this civil action is removable to this Court pursuant to 28 U.S.C. §1441.

16. Plaintiff's Counsel has also consented to removal.

17. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being submitted for filing with the Clerk of the Superior Court, Law Division, Middlesex County, and is being served upon Plaintiff.

18. In filing this Notice of Removal, Wal-Mart Stores East does not waive any defects in service of process, venue or personal jurisdiction.

19. For the foregoing reasons, this United States District Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
*Attorneys for Defendant Wal-Mart Stores East, LP*
*(incorrectly named as "Wal-Mart Stores, Inc.")*

By: _____
Til J. Dallavalle

Dated: June 21, 2018

- 5 -

## LOCAL CIVIL RULE 11.2 VERIFICATION

Other than the action filed in the Superior Court of New Jersey, Law Division, Middlesex County, which is the subject of this Notice of Removal, the matter in controversy, to the best of Defendant Wal-Mart Stores East, LP's knowledge, information and belief, is not the subject of any other action pending in any court, or of any other pending arbitration or administrative proceeding.

                                    SCHOEMAN UPDIKE KAUFMAN & GERBER LLP
                                    *Attorneys for Defendant Wal-Mart Stores East, LP*
                                    *(incorrectly named as "Wal-Mart Stores, Inc.")*

                    By: _____
                           Til J. Dallavalle

Dated: June 21, 2018

## CERTIFICATION OF SERVICE

I hereby certify that on this date, I caused to be served via first class mail, a true and correct copy of the foregoing Notice of Removal on:

Paul Piantino III, Esq.
WHITE AND WILLIAMS LLP
One Riverfront Plaza
1037 Raymond Blvd., Suite 230
Newark, New Jersey 07102
*Attorneys for Plaintiff*

Pursuant to 28 U.S.C. §1746, I certify under penalty of perjury that the foregoing is true and correct.

                                                                  Til J. Dallavalle

Dated: June 21, 2018